**FILED**

December 9, 1997

**Cecil Crowson, Jr.**
Appellate Court Clerk

**IN THE COURT OF APPEALS OF TENNESSEE**

**EASTERN SECTION**

| | |
|---|---|
| SUPER GRIP CORPORATION, | ) C/A NO. 03A01-9707-CV-00257 |
| | ) |
| Plaintiff-Appellee, | ) SULLIVAN LAW |
| | ) |
| v. | ) HON. R. JERRY BECK, |
| | ) JUDGE |
| B & D SUPER GRIP, INC., | ) |
| | ) AFFIRMED AND |
| Defendant-Appellant. | ) REMANDED |

ARTHUR M. FOWLER, McKinnon, Fowler, Fox & Taylor, Johnson City, for Plaintiff-Appellee.

PAUL RAYMOND WOHLFORD, Bristol, for Defendant-Appellant.

**O P I N I O N**

Franks, J.

In this contract action, the Trial Judge entered judgment for plaintiff against defendant in the amount of $50,431.29, and dismissed defendant's counter-claim which had sought damages for plaintiff's alleged breach of the distributorship agreement.

Defendant has appealed to this Court and presents these issues:

1.   Whether the Court erred in finding that the parties had agreed upon a new contract for a price increase in December, 1994.

2.   Whether the Court erred in holding that the freight charges of Two Hundred Dollars ($200.00) per shipment became part of the original Distribution Contract.

3.   Whether the Court erred in finding that the deduction of the freight charges from invoices constituted a material breach of the Distribution Contract between the parties.

4.      Whether the Court erred in determining the equities between the parties to be in favor of the Appellee and against the Appellant.

Plaintiff and defendant entered into a distributorship agreement for the sale of mining and industrial tires in 1987. The agreement was drafted by defendant, and was for the sale of tires by plaintiff to defendant with prices set out as detailed in the agreement. The Trial Judge heard the evidence without a jury and filed a comprehensive and detailed memorandum opinion, setting forth his findings and conclusions of law. The Trial Court determined that plaintiff was entitled to recover $22,800.00 for unpaid freight charges, $3,431.00 for unpaid warranty claims, and $24,200.00 for unpaid sales discount, all as required under the terms of the contract. He also determined that withholding the payment of shipping charges by the defendant constituted a breach of the contract, which formed the basis for dismissing the counter-complaint.

We review *de novo* upon the record and presume the Trial Judge found the facts correctly, unless the evidence preponderates against his findings. T.R.A.P. Rule 13(d).

The first two issues will be considered together. The evidence shows that during the fall and summer of 1994, the parties were in negotiations for a price increase for the mining tires. The Trial Judge, relying heavily upon a letter from defendant's attorney, concluded that the parties had contracted for a price increase. The letter, in pertinent part, stated:

> to put an end to our discussions about price increases for the contract year 1994-95, B & D accepts your sliding scale prices for the last half of the contract year. The price increase for the first half of the contract year 1994-95 will be effective October 1, 1994, or commencing with your P.O. #T221. B & D expects to be billed for these increases shortly after the new year.

Defendant argues that its acceptance of the price increase for the first half of the year was conditional upon plaintiff developing new tires and resolving the

2

freight charges in dispute.  The Trial Judge, in addressing this issue, said:

> It seems clear that the letter of December 20, 1994 went beyond preliminary negotiations, and constituted a manifestation of willingness to enter into a bargain that only required Super Grip to bill or invoice B & D for the retroactive price increase.
>
> . . .
>
> When Super Grip billed B & D for the retroactive price increase, as requested by B & D, the contract was effective, and B & D's later attempt to withhold west coast shipping charges constituted a breach by B & D.

We agree with the Trial Judge that the foregoing constituted a contract between the parties.  The record shows that in February of 1988, defendant agreed to pay an additional $200.00 in freight charges to have containers of tires delivered from a west coast port overland, in order to speed up delivery of the containers.  This additional freight charge was added to each container of mining tires ordered from 1988 through August of 1994, for a total of 114 containers, but it was agreed by the parties in August of 1994, such charge would no longer be added to the invoices.  In January of 1995, plaintiff billed defendant for monies owing.  Defendant sent payment of only $13,221.45 of the invoiced amount, thereby deducting the sum of $22,800.00 from the amount billed. The Trial Judge found that defendants' refusal to pay the full bill constituted a breach of the contract by defendant.  Defendant insists that the deduction of $22,800.00 was not a breach of any contract or agreement of the parties, i.e., the original distribution agreement of 1987 does not provide for the additional freight charges.

The Trial Judge's conclusion was based upon the fact that for over a period of eight years, the $200.00 in freight charges had been added to the bill for each container of tires, and defendant's acquiescence constituted an enforceable agreement.  Additionally, the Trial Judge concluded that "an attempted retraction after five years to obtain monies already paid for west coast shipping would be unjust," and

3

defendant by reason of T.C.A. §47-2-209(5) "would be estopped by its waiver of paragraph 16[1] from resorting to self-help to regain the 1988-1994 west coast shipping charges". The parties, by their actions and inactions over the period of years and the payments made, established the basis for the contract as found by the Trial Judge.

Next, defendant asserts that assuming *arguendo* the withholding of the $22,800.00 was a breach of the distributorship contract, "such breach was not material to the essence of the contract" and should not be held to be a material breach.

In this regard, the Trial Judge held that the non-payment defeated the object and purpose of what he considered to be a sales contract, and the breach was intentional and defendant gave as the reason for non-payment the fact that the provision for shipping charges was not set forth in the original contract. On this record, the shipping charges were an integral part of the cost of the merchandise and the contract between the parties essentially required supplying tires to one party and the payment for these tires by the other. The failure to pay for the merchandise delivered affords the seller a basis to cancel the contract for non-payment. *See* T.C.A. §47-2-703(f). In this case, defendant was advised that the non-payment would be treated as a breach unless payment was forthcoming, which defendant again refused to pay. We agree with the Trial Judge that this action constituted a material breach of the contract.

Finally, defendant argues that as a matter of equity it had "performed substantially all of its contract with the exception of a minimal amount," that is the $22,800.00 payment, and this breach should not form a basis to cancel the contract. The rule of substantial performance is not applicable to the facts of this case. This

---

[1]The original agreement provided:

> 16) This Agreement constitutes the entire agreement between Company and Distributor, and it may be altered or amended only by written agreement of both parties.

was an ongoing distribution agreement with the contractual relationship being dependent upon the timely delivery and payment for the merchandise. Each transaction under the agreement was completed upon delivery and payment for the merchandise. The refusal of the defendant to pay the full bill for merchandise, as found by the Trial Judge to be legally owing to plaintiff, constituted a basis in the law to terminate the contract, and we find no equitable basis to treat this contract other than one for the sale of merchandise, for which the defendant failed to pay.

For the foregoing reasons, we affirm the judgment of the Trial Court and remand with cost of the appeal assessed to appellant.


_____
Herschel P. Franks, J.


CONCUR:




_____
Houston M. Goddard, P.J.




_____
Don T. McMurray, J.